LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
40 Wall Street, 28th Floor
New York, NY 10005
Tel.: 212-400-7160
Fax: 212-400-7162
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

POLIVIO RODRIGUEZ and MIRIAM RODRIGUEZ,

    Plaintiffs,

v.

IRVINGTON MARKET INC.,

    Defendant.

---

JUDGE ROBINSON

08 CV 1223

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiffs, POLIVIO RODRIGUEZ and MIRIAM RODRIGUEZ (hereinafter, collectively, "Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorney, hereby file this Complaint against Defendant, IRVINGTON MARKET INC. (hereinafter, "IRVINGTON") and state as follows:

### INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendant: (1) unpaid minimum wages, (2) unpaid overtime, (3) liquidated damages, and (4) attorneys' fees and costs.

1

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from Defendant: (1) unpaid minimum wages (2) unpaid overtime, (3) unpaid "spread of hours" payments for each day they worked ten or more hours, (4) liquidated damages equal to twenty-five percent of the sum of their unpaid minimum wages, unpaid overtime and unpaid "spread of hours" payments, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, POLIVIO RODRIGUEZ, is a resident of Westchester County, New York.

6. Plaintiff, MIRIAM RODRIGUEZ, is a resident of Westchester County, New York.

7. Defendant, IRVINGTON, is a corporation organized under the laws of New York, with an address for service of process by the Department of State listed as 108 Main Street, Irvington, New York 10533.

8. Plaintiff, POLIVIO RODRIGUEZ, was employed by Defendant, IRVINGTON, in Westchester County, New York, from about early February 2005 until about late September 2005.

9. Plaintiff, MIRIAM RODRIGUEZ, was employed by Defendant, IRVINGTON, in Westchester County, New York, from about early April 2005 until about mid-August 2005.

10. At all relevant times, IRVINGTON was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by IRVINGTON.

12. At all relevant times, IRVINGTON knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and the New York Labor Law.

13. At all relevant times, IRVINGTON knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

14. At all relevant times, IRVINGTON knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

15. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

16. On or about February 5, 2005, Plaintiff, POLIVIO RODRIGUEZ, was hired by Defendant, IRVINGTON, to work at Defendant's deli counter and to stock and to clean at Defendant's deli/market, located in Irvington, New York.

17. Plaintiff, POLIVIO RODRIGUEZ, worked for Defendant until on or about September 20, 2005.

18. On or about April 2, 2005, Plaintiff, MIRIAM RODRIGUEZ, was hired by Defendant, IRVINGTON, to work at Defendant's deli counter and to clean at Defendant's deli/market, located in Irvington, New York.

19. Plaintiff, MIRIAM RODRIGUEZ, worked for the Defendant, IRVINGTON, until on or about August 19, 2005.

20. During Plaintiffs' employment by IRVINGTON, they each worked well over forty (40) hours per week, with POLIVIO RODRIGUEZ usually working around ninety (90) hours a week and MIRIAM RODRIGUEZ usually working around sixty (60) hours a week.

21. Defendant, IRVINGTON, paid Plaintiff, MIRIAM RODRIGUEZ, $300 per week.

22. Plaintiff, POLIVIO RODRIGUEZ, was not paid regularly, but instead received sporadic payments totaling $1,100 for his entire tenure at IRVINGTON.

23. IRVINGTON knowingly and willfully operated its business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiffs and other similarly situated employees.

24. IRVINGTON knowingly and willfully operated its business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs and other similarly situated employees.

25. IRVINGTON knowingly and willfully operated its business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other similarly situated employees.

26. Plaintiffs retained the Law Offices of Robert L. Kraselnik, PLLC to represent them and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

27. Plaintiffs reallege and reaver Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

29. At all relevant times, Defendant employed Plaintiffs within the meaning of the FLSA.

30. Upon information and belief, at all relevant times, IRVINGTON has had gross revenues in excess of $500,000.

31. Plaintiffs were entitled to be paid at the rate of time and one-half for their hours worked in excess of the maximum hours provided for in the FLSA.

32. At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for their hours worked in excess of forty hours per workweek.

33. Defendant failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

34. Plaintiffs worked hours for which they were not paid the statutory minimum wage.

35. At all relevant times, the Defendant had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs for their hours worked.

36. Defendant failed to pay Plaintiffs minimum wages in the lawful amount for their hours worked.

37. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendant. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

38. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs at the statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

39. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs at least minimum wages for hours worked when it knew or should have known such was due.

40. Defendant failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

41. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

42. Due to the intentional, willful and unlawful acts of Defendant, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime wages, plus an equal amount as liquidated damages.

43. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

44. Plaintiffs reallege and reaver Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. At all relevant times, Plaintiffs were employed by the Defendant within the meaning of the New York Labor Law, §§2 and 651.

46. Defendant willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

47. Defendant willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

48. Defendant willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiff for each day they worked ten (10) or more hours.

49. Due to the Defendant's New York Labor Law violations, Plaintiffs are entitled to recover from Defendant their unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all similarly situated employees, respectfully request that this Court grant the following relief:

    a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against IRVINGTON and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

d.  An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

e.  An award of unpaid "spread of hours" premium due under the New York Labor Law;

f.  An award of liquidated and/or punitive damages as a result of IRVINGTON'S willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

g.  An award of liquidated and/or punitive damages as a result of IRVINGTON'S willful failure to pay minimum wages, overtime compensation and "spread of hours" premium pursuant to the New York Labor Law;

h.  An award of prejudgment and postjudgment interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: February 4, 2008

                              Respectfully submitted,

                              LAW OFFICES OF
                              ROBERT L. KRASELNIK, PLLC
                              *Attorneys for Plaintiffs*
                              40 Wall Street, 28th Floor
                              New York, NY 10005
                              Tel.: (212) 400-7160
                              Fax: (212) 400-7162

By: _____
      ROBERT L. KRASELNIK (RK 0684)